facts of a delivery to defendant of the sum of $5,000 (which is admitted), and that the decedent was not then indebted to the defendant. In this condition of the pleadings plaintiff has been called upon to furnish a very detailed bill of particulars concerning matters as to which she swears she has no knowledge, and which, upon her theory of the case, she will not be called upon to prove, otherwise than by proving that at the time the money was given her decedent was not indebted to defendant.

[1, 2] As to all the matters referred to in the order for a bill of particulars the defendant necessarily has knowledge, and if plaintiff is to comply with the order it will be necessary to examine defendant to ascertain the facts. For such an examination there is ample authority. Hill v. Bloomingdale, 136 App. Div. 651, 121 N. Y. Supp. 370; Pring v. Thorp, 168 App. Div. 887, 152 N. Y. Supp. 469; Chittenden v. San Domingo Improvement Co., 132 App. Div. 169, 116 N. Y. Supp. 829. It is entirely credible that plaintiff should be without personal knowledge of the transaction between her decedent and the defendant, and all or nearly all of the matters sought to be inquired about will be immaterial, so far as her part of the case is concerned, if she can bring the case within the rule laid down in Nay v. Curley, supra. A motion for a bill of particulars is addressed to the sound discretion of the court, and that discretion should be exercised with due regard to the circumstances of the particular case in which the motion is made, and where necessary such conditions should attach as will prevent the turning of what was intended to be a beneficial remedy into an engine of oppression. It would result in a ridiculous circumlocution to provide that plaintiff should examine defendant, in order that she might inform him what his examination had disclosed to her.

The order appealed from will be modified, by providing that, if plaintiff has no present knowledge as to any of the matters as to which she is required to give particulars, she shall so state under oath, and that such statement shall serve in place of an answer as to those matters concerning which she so makes oath. As so modified, the order appealed from will be affirmed.

Order modified, as directed in opinion, and, as modified, affirmed, without costs. All concur.

(169 App. Div. 916)

KAGELMACHER v. ERIE R. CO. et al.

(Supreme Court, Appellate Division, Fourth Department.    May, 1915.)

RAILROADS ☞411—ANIMALS ON TRACKS—DEFENSE—AGREEMENT TO MAINTAIN FENCES.

That one railroad company had agreed to maintain the fences along the right of way of another railroad company did not relieve the latter from liability for a cow which was killed on its tracks by its car.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1409–1450; Dec. Dig. ☞411.]

Appeal from Erie County Court.

Action by John Kagelmacher against the Erie Railroad Company and the International Railway Company. From judgment for plaintiff, defendants appeal. Affirmed as to the International Railway Company, and reversed and dismissed as to the Erie Railroad Company.

Leave to appeal to Court of Appeals denied, 154 N. Y. Supp. 1128.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Moot, Sprague, Brownell & Marcy, of Buffalo, for appellant Erie R. Co. Cohn, Chorman & Franchot, of Niagara Falls, for appellant International Ry. Co. Fred C. Maloney, of Buffalo, for respondent.

PER CURIAM. While the Erie Railroad Company was obligated to maintain a fence, it was not liable for the killing of the plaintiff's cow, because it was not killed by the agents, engines, or cars of the Erie Company. It was the duty of the International Railway Company to fence its tracks, and it was not relieved from that obligation as to the plaintiff by any arrangement it may have had with the Erie Company respecting the maintenance of the fences; and the cow having been killed upon the tracks, and by the car, of the International Railway Company, it is liable therefor.

Judgment affirmed, with costs as to the defendant International Railway Company. Judgment reversed and complaint dismissed as to the defendant Erie Railroad Company, with costs, including costs of this appeal.